## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:02CR205 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| REYNALDO G. DIAZ, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

      On January 22, 2003, defendant Reynaldo G. Diaz (Diaz), together with his counsel, James E. Mitchell, appeared before the undersigned magistrate judge.  Diaz was advised of the charge, the penalties and the right to appear before a United States District Judge.  After orally consenting to proceed before a magistrate judge, Diaz entered a plea of guilty to Counts I and VIII of the Indictment.[1]   Diaz waived the presence of an interpreter in the Spanish language, and the court found Diaz to be fluent in speaking and understanding the English language.[2]

      After being sworn, Diaz was orally examined by the undersigned magistrate judge in open court as required by Federal Rule of Criminal Procedure 11.  Diaz also was given the advice required by that Rule.  Finally, Diaz was given a full opportunity to address the court and ask questions.

      Counsel for the government and counsel for Diaz were given the opportunity to suggest additional questions by the court.  Moreover, defense counsel orally certified that he was of the

---

[1] The Petition To Enter A Guilty Plea (Petition) (Filing No. 75) indicates a plea of guilty to only Count I of the Indictment.  The Plea Agreement (Filing No. 76) indicates a plea of guilty to Counts I and VIII of the Indictment.  Diaz confirmed he was pleading guilty to Counts I and VIII of the Indictment and the Petition was in error.  During the colloquy with Diaz, the court elicited appropriate responses from Diaz regarding this discrepancy.

[2] Diaz stated he could not read English but could speak and understand English.  Diaz stated he could read, write, and understand the Spanish language.  Mr. Mitchell read the Plea Agreement to Diaz in English and Diaz stated he understood the plea agreement.  While Mr. Mitchell also read the Petition to Diaz in English, Mr. Diaz stated he understood Mr. Mitchell's reading of the Petition as well as being able to read the Spanish in the Petition.

opinion that the plea was knowing, intelligent and voluntary, and that there was a factual basis for Diaz's plea of guilty to Counts I and VIII of the Indictment.

Therefore, I find and conclude that: (1) the plea to Counts I and VIII of the Indictment are knowing, intelligent, and voluntary; (2) there is a factual basis for the plea; (3) the provisions of Rule 11 and any other provisions of the law governing the submission of guilty pleas have been complied with; (4) a petition to enter a plea of guilty, on a form approved by the court, was completed by Diaz, Diaz's counsel and counsel for the government, and such petition was placed in the court file (Filing No. 75); (5) the plea agreement is in writing and is filed in the court file (Filing No. 76); (6) there are no agreements or stipulations other than the written plea agreement.

**IT IS RECOMMENDED TO JUDGE THOMAS M. SHANAHAN that:**

1. He accept the guilty plea and find the defendant, Reynaldo G. Diaz, guilty of the crime set forth in Counts I and VIII of the Indictment to which Diaz tendered a guilty plea;

2. He accept the written plea agreement filed in this matter with the understanding that such acceptance is subject to the provisions of U.S.S.G. § 6B1.4(d) ("The court is not bound by the stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing").

**ADMONITION**

Pursuant to NELR 72.4 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 23rd day of January, 2003.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge