**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **8:02CR205** |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **REYNALDO G. DIAZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on the Petition for Action on Conditions of Pretrial Release (Petition) regarding defendant Reynaldo G. Diaz (Diaz) (Filing No. 108). On July 30, 2002, Diaz was ordered released upon conditions pending further proceedings (Filing No. 44). On February 6, 2003, Pretrial Services Officer Jennifer A. Iverson submitted a Petition alleging Diaz had violated the conditions of his release by failing to report to Pretrial Services and by absconding from supervision. A warrant for Diaz's arrest was issued.

Diaz appeared before the undersigned magistrate judge on May 27, 2008. He was represented by Adam J. Sipple and the United States was represented by Assistant U.S. Attorney Thomas J. Kangior. After being advised of the nature of the allegations, his rights, and the consequences if the allegations were found to be true, Diaz did not contest the allegations of the Petition. The court finds the allegations of the petition are generally true and Diaz has violated the conditions of his release.

The court took judicial notice of the Pretrial Services Violation Report. After providing both parties an opportunity for allocution as to disposition and considering the report of Pretrial Services, I find the Order Setting Conditions of Release should be revoked. Diaz has demonstrated he is unable to comply with the conditions of his release.

**IT IS ORDERED:**

1. The Petition For Action on Conditions of Pretrial Release (Filing No. 108) is granted.

2. The July 30, 2002, Order Setting Conditions of Release (Filing No. 44) of Reynaldo G. Diaz is hereby revoked.

3. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 27th day of May, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge