IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:02CR205** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **REYNALDO G. DIAZ,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Third Revised Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 226), and the Defendant's motion for variance (Filing No. 227). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the lack of a downward adjustment in ¶ 35 for the safety valve. The objection will be heard at sentencing. The Defendant objects to the lack of a minimal role adjustment in ¶ 36. The objection will be heard at sentencing.

The Defendant also objects to the lack of a downward adjustment for acceptance of responsibility in ¶ 40. He received an upward adjustment for obstruction of justice in ¶ 38 for failing to appear for sentencing on May 6, 2003. The issue is whether this case is "extraordinary" and therefore whether an acceptance of responsibility adjustment is warranted despite the increase if offense level for obstruction of justice. The issue will be heard at sentencing.

The Defendant has the burden of proof by a preponderance of the evidence with respect to both objections.

The Defendant's objection to ¶ 86 is in the nature of a motion for downward departure. Any grounds for downward departure or variance will be heard in conjunction with the Defendant's motion for variance (Filing No. 227.)

IT IS ORDERED:

1. The Defendant's Objections to ¶¶ 35, 36, and 40 of the PSR (Filing No. 226) will be heard at sentencing;

2. The Defendant's motion for variance (Filing No. 227) will be heard at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 18th day of August, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge